UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Linda Swagler,                                    Case No. 06-50193
                                                        Chapter 7
                           Debtor.                      Hon. Marci B. McIvor
_____/

State Farm Mutual Automobile Ins. Co.,

                 Plaintiff,

v.                                                      Adv. P. No. 06-5718

Linda Swagler,

                           Debtor.
_____/

## OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On November 27, 2007, the Court held a hearing on Plaintiff's Motion for

Summary Judgment. Plaintiff's Motion sought judgment on a three-count complaint

alleging nondischargeability of a state court judgment pursuant to 11 U.S.C. §§

523(a)(2)(A), 523(a)(4), and 523(a)(6). At the conclusion of the hearing, the Court

granted Plaintiff's Motion from the bench. This written Opinion supplements the bench

opinion.

## I. Background

On July 6, 2005, plaintiff/creditor State Farm filed counter-claims in an action

filed in Federal District Court for the Eastern District of Michigan. (*Rivet v. State Farm

Mut. Auto. Ins. Co.*, case no. 04-CV-72333). The counterclaims were filed against

former long-time employee, defendant/debtor Linda Swagler, and others. The

counterclaims arose from an alleged scheme to defraud State Farm, and included the

following:

> Claim I: Fraud against the Silverman Defendants[1] and **Swagler**
> Claim II: Breach of Fiduciary Duty against **Swagler**
> Claim III: Aiding/Abetting Breach of Fiduciary Duty against Silverman
> Defendants
> Claim IV: Unjust Enrichment against the Silverman Defendants
> Claim V: Breach of Fiduciary Duty against **Swagler**
> Claim VI: Declaratory Judgment against Robert Rivet
> Claim VII: Declaratory Judgment against Tracey Shures
> Claim VIII: Declaratory Judgment against Sonja Scott
> Claim IX: Declaratory Judgment against Lori Andres
> Claim X: Declaratory Judgment against Ramona Gentris
> Claim XI: Declaratory Judgment against Melissa Davis

(Federal District Court Counterclaims, Plaintiff's Ex. A).

The District Court held a trial on the counterclaims, and on April 17, 2007, a jury

found Swagler liable for fraud and breach of fiduciary duties to State Farm. According

to the verdict form, the jury found by clear and convincing evidence:

> (1) "that Linda Swagler committed fraud by misrepresentation" and "that
> State Farm was damaged as a result of Linda Swagler's fraud by
> misrepresentation";
>
> (2) "that Linda Swagler committed fraud by failing to disclose material
> facts" and "that State Farm was damaged as a result of Linda Swagler's
> fraud by failing to disclose material facts";
>
> (3) "that Linda Swagler breached her fiduciary duty to State Farm" and
> "that State Farm was damaged as a result of Linda Swagler's breach of
> fiduciary duty"; and
>
> (4) that State Farm was damaged in the amount of $4,200,000, for which
> Swagler was responsible for 9% ($378,000).

(Verdict Form, Plaintiff's Ex. 1. *See also* Judgment Order entered by Hon. Bernard

---

[1]"The Silverman Defendants include Mark L. Silverman, a psychiatrist and attorney, Mark L. Silverman M.D., J.D., P.C., and Mark L. Silverman M.D., P.C.

2

Friedman, Plaintiff's Ex. 3).[2]

In the present action, plaintiff State Farm seeks to have the $378,000 jury verdict against Debtor held nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A)(fraud), (a)(4)(fraud or defalcation in a fiduciary capacity), and (a)(6)(willful and malicious injury). Plaintiff contends that summary judgment is appropriate because all genuine issues of material fact relevant to nondischargeability have been decided, and the doctrine of collateral estoppel applies to bar the relitigation of those issues.

Defendant/debtor concedes that the District Court's Judgment and Order, along with the verdict form "establish that some amount owed by Defendant to Plaintiff is not dischargeable". However, Defendant takes specific exception to Plaintiff's requested relief, i.e. that "any debt owed by [Defendant] to [Plaintiff] arising out of any judgment entered by the District Court is not dischargeable." Defendant asserts that,

> Neither the verdict form filled out by the Jury nor the Judgment Order allocated Plaintiff's damages to any particular claim against the Defendant. Accordingly, while some amount of the claims against Defendant are not dischargeable, the relief requested by Plaintiff is overly broad and cannot be established via the prior Court orders.

Defendant's Brief at 2. Defendant appears to argue that some portion of the District Court's Judgment is related to a counterclaim which is dischargeable. Defendant does not specify *which* counterclaim it believes is dischargeable.

---

[2]At a post-trial hearing, the Court stated that "The Court believes that . . . counter-plaintiffs have sustained their burden [of] proving this fraud and its illegal contracts by clear and convincing evidence. The Court believes that probably in this case, after listening to all the testimony, it's beyond a reasonable doubt[,] that if this were a criminal case the Court would have no hesitation whatsoever in making the same findings of both facts and conclusions of law." (Plaintiff's Ex. 3, April 19 Transcript at 8).

3

## II. **Jurisdiction**

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11. *See* 28 U.S.C. §§ 1334 and 157. Core proceedings include proceedings to determine dischargeability. 11 U.S.C. § 157(b)(2)(I).

## III. **Standard for Summary Judgment**

Fed. R. Civ. P. 56(c) for summary judgment is incorporated into Fed. R. Bankr. P. 7056(c). Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. A "genuine" issue is one where no reasonable fact finder could return a judgment in favor of the non-moving party. *Berryman v. Reiger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Anderson*, 447 U.S. at 248). Once the movant meets this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken

4

in its entirety could not convince a rational trier of fact to return a verdict in favor of the non-moving party, the motion should be granted." *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 149-50 (6th Cir. 1995) (internal quotation marks and citation omitted).

## IV. Analysis

### A. Collateral Estoppel

Pursuant to the United States Constitution and federal statute, each state must give full faith and credit to the judicial proceedings of every other state. U.S. Const., Art. IV, § 1; 28 U.S.C. § 1738. The principal of full faith and credit is put into effect via the doctrine of collateral estoppel. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). Thus, a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *In re Bursack*, 65 F.3d 51 (6th Cir. 1995). In other words, federal courts are required to apply the doctrine of collateral estoppel in the same manner as the state courts of the state in which the earlier judgment was rendered. *Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir. 1997).

As a general rule, the collateral estoppel effect of a federal court judgment based on diversity jurisdiction is determined by federal law. *In re Moffitt*, 252 B.R. 916, 921 (6th Cir. BAP 2000). The federal principles of collateral estoppel, as applied by the Sixth Circuit Court of Appeals, require that "the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman v. Harley*, 656 F.2d 224,

228 (6th Cir. 1981).

> Under the federally-developed rules of collateral estoppel, the elements
> of issue preclusion require the party asserting the preclusion to establish
> that (1) the issue to be decided by the bankruptcy court is identical to that
> involved in the prior litigation, (2) the issue was actually litigated in the
> prior litigation, (3) the issue was determined by a valid and final judgment,
> (4) the determination of the issue in the prior litigation was essential to the
> judgment in the earlier action, and (5) the standard of proof in the prior
> litigation was at least as high as the standard in the present litigation

Norton Bankruptcy Law and Practice 2d, § 47:72 (citing *Spilman v. Harley*, 656 F.2d

224 (6th Cir. 1981)).

Collateral estoppel principles apply in nondischargeability proceedings. *In re

Bursack*, 65 F.3d 51,52-53 (6th Cir. 1995); *In re West*, 163 B.R. 133, 139 (N.D. Ill.

1993). Even though Congress intended the bankruptcy court to determine the issue of

whether a debt is dischargeable, Congress did not require the bankruptcy court to

redetermine all the underlying facts. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.

1981). "Where a [prior court] determines factual questions using the same standards

as the bankruptcy court would use, collateral estoppel should be applied to promote

judicial economy by encouraging the parties to present their strongest arguments."

*Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987).

In the present case, Plaintiff contends that the verdict rendered by the jury in

federal court decided all issues of fact relevant to the dischargeability of the federal

court judgment against Defendant/Debtor in Debtor's bankruptcy. The Court agrees.

**B. 11 U.S.C. § 523(a)(2)(A): Fraud**

Section 523 (a)(2)(A) excepts from discharge any debt "for money, property, [or]

6

services . . . to the extent obtained by false pretenses, a false representation, or actual

fraud. . . "  To prevail on a claim under this section, a plaintiff must show that:

> (1) [T]he debtor obtained money through a material misrepresentation that at the
> time the debtor knew was false or that he made with **reckless disregard for the
> truth**; (2) the debtor intended to deceive; (3) the creditor justifiably relied on the
> false representation; and (4) its reliance was the proximate cause of loss.

*In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998)(emphasis added).  *See also Digital

Commerce Ltd. v. Sullivan (In re Sullivan)*, 305 B.R. 809, 823 (W.D. Mich. 2004).

The purpose of section 523(a)(2) is to prevent debtors from retaining the

benefits of property obtained through fraud.  *In re Omegas Group, Inc.*, 16 F.3d 1443,

1451 (6th Cir. 1994).  Plaintiff must show each element by a preponderance of the

evidence. *Rembert*, 141 F.3d at 281.

In the present case, the issues of whether Defendant committed fraud by

misrepresentation or failure to disclose material facts were squarely before the jury.

Question 7 of the Verdict Form completed by the federal court jury asked "Do you find,

by clear and convincing evidence, that Linda Swagler committed fraud by

misrepresentation?"  In response, the jury marked the "yes" box.  Question 8 asked "Do

you find that State Farm was damaged as a result of Linda Swagler's fraud by

misrepresentation?"  In response, the jury marked the "yes" box.  Question 15 asked

"Do you find, by clear and convincing, evidence that Linda Swagler committed fraud by

failing to disclose material facts?"  In response, the jury marked the "yes" box.

Question 16 asked "do you find that State Farm was damaged as a result of Linda

Swagler's fraud by failing to disclose material facts?"  In response, the jury marked the

"yes" box.

Because the elements of § 523(a)(2) were expressly addressed by the district court jury, collateral estoppel  applies to preclude relitigation of the issues. The jury awarded Plaintiff damages in the amount of $378,000.  While the jury did not indicate exactly what portion of the award was based on fraud, the question is irrelevant because, as discussed below, the entire damage award arises from nondischargeable conduct and it is unnecessary to separate out the amount specifically attributable to the Debtor's fraudulent conduct.

## C. 11 U.S.C. §523(a)(4): Fraud/Defalcation in Fiduciary Capacity, Larceny, and Embezzlement

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"   11 U.S.C. § 523(a)(4).  "By a plain reading of the statute, it is clear that 'fiduciary capacity' relates only to 'fraud or defalcation,' but need not be present in situations of embezzlement or larceny."  *In re Shane*, 140 B.R. 964, 966-67 (Bankr. N.D. Ohio 1991)

The Sixth Circuit has defined the term "fiduciary capacity" as used in § 523(a)(4) narrowly, holding that the term applies only to express or technical trust relationships, where a specific property is placed in the hand of the debtor as trustee.  *In re Garver,* 116 F.3d 176, 179 (6th Cir. 1997).  In other words, the term "fiduciary" as used in §523(a)(4) does not apply to implied trusts. *Garver* 116 F.3d at 178-79.  "There are four requirements for establishing the existence of an express or technical trust: (1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary."

8

*Graffice v. Grim (in re Grim)*, 293 B.R. 156, 166 (Bankr. N.D. Ohio 2003).

"[T]he defalcation provision of § 523(a)(4) is limited to only those situations involving an express or technical trust relationship. Defalcation then occurs through the misappropriation or failure to properly account for those trust funds." *Garver*, 116 F.3d at 180 (citations omitted). Defalcation encompasses "embezzlement, the 'misappropriation of trust funds held in any fiduciary capacity,' and the 'failure to properly account for such funds.'" *Capitol Indemnity Corp. V. Interstate Agency, Inc. (In re Interstate Agency)*, 760 F.2d 121, 125 (6th Cir. 1985)(citations omitted). *See also In re Blaszak*, 397 F.3d 386 (6th Cir. 2005).

Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Gribble v. Carlton (In re Carlton)*, 26 B.R. 202, 205 (Bankr. M.D. Tenn. 1982)(quoting *Moore v. United States*, 160 U.S. 268, 269 (1895). "A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicated fraud." *In re Kindrick*, 213 B.R. 504, 508 (Bankr. N.D. Ohio 1997). Embezzlement is commonly understood to occur when a person has legitimate access to funds, and then uses those funds for an illegitimate purpose, for example a bank teller siphons off money from the bank till, or a school treasurer uses the school supplies fund for a trip to Jamaica.

"Larceny can be defined as the actual or constructive taking away of property of another without the consent and against the will of the owner or possessor with the

9

intent to convert the property to the use of someone other than the owner." *In re McCoy*, 189 B.R. 129 (Bankr. N.D. Ohio 1995)(citing *Black's Law Dictionary*, 6th ed. 1991). "As distinguished from embezzlement, the original taking of the property must be unlawful." *In re Kindrick*, 213 B.R. 504, 509 (Bankr. N.D. Ohio 1997)(citing *Collier on Bankruptcy*, § 523.10[2], 523-76 (15th ed. Rev. March 1997). Larceny is commonly understood to be synonymous with theft. For example, larceny occurs when a thief breaks into a home and steals jewelry for the purpose of converting it to cash for his/her own use.

In the present case, question 17 of the verdict form asks "Do you find that Linda Swagler breached her fiduciary duty to State Farm?" In response, the jury marked the "yes" box. Question 18 asked "Do you find that State Farm was damaged as a result of Linda Swagler's breach of fiduciary duty?" In response, the jury marked the "yes" box. Again, the $378,000 damage award was not allocated between counts.

While the jury form does not specify the amount of damages arising from breach of fiduciary duty, fraud, embezzlement or larceny, the question is irrelevant because the entire judgment arises from a nondischargeable breach of fiduciary duty. Defendant was employed by Plaintiff for twenty one years. During the last few years of her employment, the jury found that Defendant, and her accomplice Mark L. Silverman, engaged in a scheme to defraud Plaintiff of over four million dollars. Defendant used her position as an Auto Claim Representative Specialist to cause Plaintiff to issue unjustified and excessive payments either to Mark L. Silverman, or to injured parties, who in turn, endorsed the payments back over to Mr. Silverman. Clearly, Defendant's

10

conduct breached her fiduciary duty to her employer and the entire judgment is nondischargeable.

**D. 11 U.S.C. § 523(a)(6): Willful and Malicious Conduct**

Section 523(a)(6) excepts from discharge debt arising from willful and malicious conduct by the debtor. The Supreme Court has held that an injury is "willful" under § 523(a)(6) if the debtor desired to cause the consequences of his act or if the injury was substantially certain to result. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 646 (6th Cir. 1999). Thus, § 523(a)(6) bars discharge of debts arising from intentional torts. *In re Trantham,* 304 B.R. 298, 307 (6th Cir. BAP 2004). Section 523(a)(6) also requires that the debtor acted "maliciously." Courts have defined malicious as "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Trantham*, 304 B.R. at 308.

Looking at the verdict form and order in this case, the Court finds that Plaintiff has established nondischargeability under § 523(a)(6). The jury found fraud and breach of fiduciary duty. The trial judge in district court indicated that the evidence of intent to commit fraud and the intentional breach of fiduciary duty rose to the level required in a criminal trial (beyond a reasonable doubt rather than clear and convincing evidence). The district court, based on all the evidence held that the entire judgment resulted from intentional acts committed with conscious disregard of Defendant's duties. The entire judgment of $378,000 is nondischargeable under § 523(a)(6).

## V. Conclusion

For the reasons stated above, the entire $378,000 judgment entered against Defendant in Federal District Court arises from nondischargeable conduct.  Defendant fails to specify any basis for finding the judgment (or any portion of it) nondischargeable.  Based on the record before this Court, summary judgment for Plaintiff is granted and the entire federal court judgment is nondischargeable.

```
Signed on November 29, 2007
                              /s/ Marci B. McIvor
                            Marci B. McIvor
                            United States Bankruptcy Judge
```